138 F.3d 467
 39 Fed.R.Serv.3d 1113
 UNICORN TALES, INC., a Corporation of the State of New York,
Chippendales Universal, Inc., a Corporation of the State of
New York, Valentine DeNoia, Administrator of the Estate of
Nicholas DeNoia, Deceased, Plaintiffs-Appellants,
v.
Somen BANERJEE, also known as Steven Banerjee, Augustine
Ralph and Angel Colon, Defendants,
Irene Banerjee, Appellee.
 Docket No. 96-9629.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 4, 1997.
Decided March 2, 1998.
 
 Robert E. Margulies, Jersey City, NJ, (Frank E. Catalina, Margulies, Wind, Herrington & Knopf, Jersey City, NJ, on the brief), for appellants.
 Irene Banerjee, Playa Del Rey, CA, pro se appellee.
 Before: WINTER, Chief Judge, NEWMAN and WALLACE,* Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 In this case, we consider who may trigger Federal Rule of Civil Procedure 25(a)(1)'s 90-day countdown by filing a statement of death of a litigant, and whether that statement must identify the legal representative or successor.
 
 
 2
 * We rely on the allegations of the pleadings for the necessary facts in this appeal. Unicorn Tales, Inc. (Unicorn) and Chippendales Universal, Inc. (Universal), New York businesses engaged in the operation of exotic male dance shows, licensed the name "Chippendales" from Easebe Enterprises, Inc. (Easebe), a California business whose sole shareholder was Somen Banerjee (Banerjee). Litigation over this agreement arose with Unicorn and Universal suing Easebe and, in an extraordinary result, Banerjee had Nicholas DeNoia, the sole shareholder of Unicorn, murdered on April 27, 1987.
 
 
 3
 In 1993, a grand jury indicted Banerjee on seven counts of racketeering activity, including DeNoia's murder. In 1994, Unicorn, Universal, and the Estate of DeNoia filed a new action against Banerjee, asserting civil RICO and state law claims. Banerjee pleaded guilty to the criminal indictment on August 9, 1994, and began to defend himself against the civil action. However, on October 23, 1994, Banerjee committed suicide while incarcerated.
 
 
 4
 On February 22, 1996, Irene Banerjee, acting as Banerjee's surviving spouse, properly served and filed a statement of the fact of Banerjee's death. More than 90 days later, she moved, under Rule 25(a)(1) of the Federal Rules of Civil Procedure, to dismiss the action. The district court granted the motion and dismissed the action. This appeal followed.
 
 
 5
 The district court had jurisdiction pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 1964(c), and 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 II
 
 6
 We agree with our sister circuit that we review the district court's legal interpretation of Rule 25(a)(1) de novo and factual findings for clear error. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir.1994). Rule 25(a)(1) states in part:
 
 
 7
 If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party.... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
 
 
 8
 It is undisputed that no motion for substitution was brought within 90 days after Irene Banerjee filed a statement of the fact of Banerjee's death. However, three arguments are presented that Rule 25(a)(1) should not apply to this case.
 
 A.
 
 9
 It is first contended that the statement of the fact of death must be filed by a party or a formal or appointed representative of the estate of the decedent. As Irene Banerjee was not a party and not a formal or appointed representative, it is argued that she could not trigger the 90 day period of Rule 25. See Al-Jundi v. Estate of Rockefeller, 757 F.Supp. 206, 210 (W.D.N.Y.1990).
 
 
 10
 However, the text of Rule 25(a)(1) contains no such restriction on who may file the statement. Moreover, such a restriction is inconsistent with the purpose in amending the rule to its present format. Prior to 1963, Rule 25(a)(1) "result[ed] in an inflexible requirement that an action be dismissed as to a deceased party if substitution [was] not carried out within a fixed period measured from the time of the death." Fed.R.Civ.P. 25 advisory committee notes, 1963 Amendment. The present version of the rule, on the other hand, establishes a time limit starting from the time "information of the death is provided by means of a suggestion of death upon the record." Id. Thus, Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party. Instead, the party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action.
 
 
 11
 Under Unicorn's proposed interpretation of Rule 25(a)(1), the estate must be probated and a representative selected before the statement of the fact of death can be filed. There is simply nothing in the rule or the advisory committee notes to suggest that Congress intended Rule 25(a)(1) to be so inflexible. We therefore hold that Irene Banerjee was able to trigger the 90 day limitation period of Rule 25(a)(1).
 
 B.
 
 12
 It is next argued that the statement of the fact of death must also identify the representative of the estate or the successor of the decedent, and that Irene Banerjee's statement of death failed to satisfy this requirement.
 
 
 13
 In Rende v. Kay, 415 F.2d 983, 986 (D.C.Cir.1969), the D.C. Circuit held that "[n]o injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased." The result in Rende was based on a concern that Rule 25(a)(1) would be used as a weapon by civil defense attorneys to "place on plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law of the domicile of the deceased." Id.
 
 
 14
 With respect to our sister circuit, we disagree with Rende's interpretation of Rule 25(a)(1). The rule does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties. Were there no other manner in which to avoid the particular dilemma identified by the court in Rende, we might see the wisdom of the requirement. However, the Federal Rules of Civil Procedure do provide what we believe is the proper solution. Rule 6(b) states:
 
 
 15
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.
 
 
 16
 Plainly, then, if there was an inability or a significant difficulty in identifying Banerjee's legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution.
 
 
 17
 Therefore, we hold that Irene Banerjee's statement of the fact of death was sufficient to trigger Rule 25(a)(1) despite its failure to identify a legal representative or successor.
 
 C.
 
 18
 The final argument is that the district court should have granted the motion to substitute Irene Banerjee out of time, pursuant to Rule 6(b). However, there was no motion for the district court to allow substitution out of time under Rule 6(b); the motion was to substitute Irene Banerjee for Banerjee under Rule 25(a)(1). Since Unicorn did not make this motion in the district court, we deem it waived. United States v. Margiotti, 85 F.3d 100, 104 (2d Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 324, 136 L.Ed.2d 238 (1996).
 
 
 19
 The appellants argue unpersuasively that they should not be penalized with dismissal under Rule 25(a)(1) for the actions of their attorneys. However, the Court has "held that clients must be held accountable for the acts and omissions of their attorneys." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation