2001 UT 47

**David R. STODDARD, Plaintiff and Appellant,**

v.

**Seth Albert SMITH, Defendant and Appellee.**

**No. 991015.**

Supreme Court of Utah.

June 5, 2001.

Brent D. Young, Laurel M. Crossman, Provo, for plaintiff.

S. Baird Morgan, Brandon B. Hobbs, for defendant.

WILKINS, Justice:

¶ 1 Plaintiff David Stoddard brought a complaint against defendant Seth Albert Smith for injuries arising out of an automobile accident. During the litigation, defendant died, and the law firm representing him filed a suggestion of death with the court pursuant to rule 25 of the Utah Rules of Civil Procedure. Plaintiff did not file a motion for substitution within ninety days after the suggestion of death was filed, as required by the rule. Therefore, the district court dismissed plaintiff's complaint. We affirm.

## BACKGROUND

¶ 2 Plaintiff filed his complaint against defendant on July 6, 1998. On December 23, 1998, defendant died. On December 28, 1998, attorneys from the law firm representing defendant filed a suggestion of death with the court and served it on plaintiff. More than ninety days later, on April 1, 1999, defendant's law firm filed a motion to dismiss plaintiff's complaint. The law firm argued that under rule 25 of the Utah Rules of Civil Procedure plaintiff had ninety days to file a motion for substitution after the suggestion of death was filed with the court, and because plaintiff had not filed his motion within the ninety-day time period, the district court should dismiss plaintiff's complaint.

¶ 3 On April 12, 1999, plaintiff filed a motion to enlarge the time for filing a motion

for substitution and a motion to appoint a substitute for decedent. The district court denied plaintiff's motion to enlarge time and granted the motion to dismiss plaintiff's complaint. Plaintiff appeals.

## ANALYSIS

### I. DISMISSAL OF PLAINTIFF'S COMPLAINT UNDER RULE 25

¶4 Whether the district court properly dismissed plaintiff's complaint under rule 25, based on plaintiff's failure to make a motion for substitution within ninety days after defendant's law firm filed the suggestion of death, is a question of law that we review for correctness. *See Brown v. Glover*, 2000 UT 89, ¶15, 16 P.3d 540 ("[T]he interpretation of a rule of procedure is a question of law that we review for correctness.").

¶5 Rule 25 of the Utah Rules of Civil Procedure is substantially the same as rule 25 of the Federal Rules of Civil Procedure,[1] and neither is a model of clarity. Our rule 25 provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons. *Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record* by service of a statement of the fact of the death as provided herein for the service of the motion, *the action shall be dismissed* as to the deceased party.

Utah R. Civ. P. 25(a)(1) (emphasis added).

¶6 Plaintiff claims that the district court erred in dismissing his complaint for failure

to file a timely motion for substitution. Plaintiff asserts that the ninety-day time period during which plaintiff was required to file his motion for substitution was not triggered under rule 25 because (1) defendant's law firm was not a party, nor was it a representative of the deceased defendant when it filed the suggestion of death; (2) the suggestion of death was not served on nonparties; and (3) the suggestion of death did not identify a party who could have been substituted for the deceased defendant.

#### A. Filing of Suggestion of Death

¶7 As support for plaintiff's argument that the suggestion of death did not trigger the ninety-day time period because it was filed by the deceased defendant's law firm, plaintiff cites several federal cases:[2] *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969); *Hilsabeck v. Lane Co.*, 168 F.R.D. 313 (D.Kan.1996); *Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y.1993); *Al–Jundi v. Estate of Rockefeller*, 757 F.Supp. 206 (W.D.N.Y.1990). The federal courts in these cases, interpreting federal rule 25, held that a suggestion of death filed by the decedent's law firm does not trigger the ninety-day time period for a motion for substitution because a suggestion of death must be filed by a party or the successors or representatives of the deceased party. This interpretation of rule 25, advanced in *Rende*, 415 F.2d at 983, has been followed by several federal courts. *See e.g., Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir.1985); *Hilsabeck*, 168 F.R.D. at 314; *see also Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir.1976); *Smith*, 151 F.R.D. at 549–50; *Al–Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y.1980). *But see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir.1998) (rejecting the notion that federal rule 25 requires a suggestion of death be filed by a party or the successors or representatives of the deceased party).

¶8 In *Rende*, the court read federal rule 25 to state that a suggestion of death must

---

1. Utah's rule 25 does not include language from the federal rule 25 allowing for service "in any judicial district," and Utah has not adopted the federal form 30 (suggestion of death). These are the only differences between our rule and the federal rule.

2. The language of federal rule 25 is identical to our rule 25 in this regard.

be filed by one of the same persons who may file a motion for substitution, i.e., a party or the successors or representatives of the deceased party. *See Rende,* 415 F.2d at 985–86. While this additional requirement seems to serve a valid purpose, it is not found in the language of rule 25.

¶ 9 The express language of rule 25 is silent about who may file a suggestion of death. The rule simply says that once "death is suggested upon the record by service of a statement of the fact of death," a motion for substitution must be made within ninety days or the action will be dismissed as to the deceased party. Utah R. Civ. P. 25(a)(1). Contrary to the way many federal courts have interpreted their rule 25, our rule 25's language allowing a motion for substitution to be filed by a party or the successors or representatives of the deceased party does not prescribe or limit persons who may file a suggestion of death. We decline to adopt the federal courts' interpretation, and instead hold that the suggestion of death may be filed by the deceased defendant's law firm. Doing so in this case was sufficient to trigger the ninety-day time period within which plaintiff had to file his motion for substitution.

¶ 10 This interpretation of our rule is consistent with the rule's purpose, which is to prevent undue delay in a lawsuit. The ninety-day time limitation for a party to file a motion for substitution ensures that the lawsuit will either continue forward or will be dismissed as to the deceased party. To accomplish this end, it is not necessary that a suggestion of death be filed only by a party or the successors or representatives of the deceased party. A suggestion of death may be filed by an attorney for the deceased party.

¶ 11 Furthermore, this interpretation is also consistent with the ethical obligations imposed on attorneys, including those whose client dies. An attorney has an ethical obligation to take the necessary steps to protect a deceased client's interests immediately following the client's death, as suggested in the comment to rule 1.3 of the Rules of Professional Conduct:

> Unless the relationship is terminated as provided in Rule 1.14, a lawyer should carry through to conclusion all matters undertaken for a client.

¶ 12 Plaintiff in this case argues that because an attorney-client relationship is an agency relationship, and the agency terminates upon the principal's death, the law firm's filing of the suggestion of death was without authority and was not sufficient to trigger the ninety-day time limitation under rule 25. However, this argument overlooks the ethical duties imposed on attorneys. An attorney's professional obligation survives sufficiently to require an attorney to inform the court of the client's death.[3]

### B. Suggestion of Death Need Not Be Served on Unidentified Nonparties

¶ 13 Plaintiff next argues that the suggestion of death filed by defendant's law firm did not trigger the ninety-day time limitation because the suggestion of death was not served upon the personal representative of the decedent's estate. Rule 25 states, "Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record *by service of a statement of the fact of death as provided herein for the service of the motion* [for substitution], the action shall be dismissed as to the deceased party." Utah R. Civ. P. 25(a)(1) (emphasis added). With regard to the service of the *motion for substitution,* the rule requires that the motion, "together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided by Rule 4 for the service of summons." *Id.* Plaintiff argues that this language requires the *motion for substitution* to be served on parties and unspecified nonparties, and therefore also requires the *suggestion of death* to be served on parties and unspecified

---

**3.** Plaintiff has not raised, and we do not decide, whether that obligation and authority extend to the filing of the motion to dismiss. There is evidence in the record that by the time the motion to dismiss was filed, the family or estate of the deceased defendant had engaged the law firm to pursue the action.

nonparties to be valid. Plaintiff claims that the suggestion of death in this case did not trigger the ninety-day time limitation because no "persons not parties," such as the personal representative for the decedent's estate, were served.

¶ 14 Although plaintiff cites several federal cases that hold the suggestion of death under the federal rule must be served on nonparties to trigger the ninety-day time period,[4] we reject this interpretation of the rule. We read our rule's requirement that the motion for substitution and the notice of hearing "be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons" as a procedural instruction on *how* (i.e., the manner) parties and nonparties should be served, rather than a requirement that they *be* served. Of course, the motion for substitution and the notice of hearing must be served on the parties in a lawsuit, but this is not by mandate of the language of rule 25.[5] This particular language in rule 25 simply explains the procedural requirements for service of the motion, i.e., that service must be conducted in accordance with rule 5, as with all other pleadings in an action already commenced. Similarly, once a party determines that there *are* interested *nonparties* that must be served with the motion for substitution and the notice of hearing, those nonparties must be served in the manner provided in rule 4 for the service of summons, since they are not yet parties before the court.

¶ 15 The language in rule 25(a)(1) providing that the suggestion of death should be served "as provided herein for the service of the motion" also speaks to *how* service of the suggestion of death must be made. It must be served on the parties in accordance with rule 5, and it must be served on any nonparties who are served at all in the manner provided by rule 4. Plaintiff's interpretation of the rule, that the rule mandates that at least one unspecified nonparty must be served with the suggestion of death for the

suggestion of death to trigger the ninety-day limitation period, is incorrect. There is no definition for, or limitation of, the category of "persons not parties." The rule does not define "persons not parties" because the rule does not prescribe *who* must be served with the suggestion of death, but rather *how* they are served, once a party decides which nonparties, if any, need to be served with the suggestion of death. Therefore, defendant's law firm in this case was not required to serve the personal representative for the decedent's estate to trigger the ninety days, although doing so would have been good practice, and would have furthered the aim of rule 25 to move the litigation toward fair and expeditious resolution.

## C. Suggestion of Death Need Not Identify a Person Who May Be Substituted for the Deceased Party

¶ 16 Finally, plaintiff argues that the suggestion of death filed by defendant's law firm did not trigger the ninety-day time limitation because the suggestion of death did not identify a person who could have been substituted for the deceased defendant. Plaintiff relies on several federal cases that have held federal rule 25 requires the suggestion of death to identify a person who may be substituted for the deceased. *See McSurely v. McClellan*, 753 F.2d 88 (D.C.Cir.1985); *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969); *Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516 (D.Kan.1991). These cases read the identification requirement into the rule because the courts were concerned that the failure to identify a person who may be substituted for the decedent "would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." *Rende*, 415 F.2d at 986. We share this concern.

¶ 17 Contrary to plaintiff's argument, however, there is no requirement in our rule 25 that the suggestion of death identify a person who may be substituted for the dece-

---

4. *See, e.g., Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.1985); *Hilsabeck v. Lane Co.*, 168 F.R.D. 313 (D.Kan.1996); *Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516 (D.Kan.1991).

5. It is rule 5 that mandates that the motion for substitution be served on each of the parties. *See* Utah R. Civ. P. 5.

dent. *Cf. Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 470 (2d Cir.1998) (holding that federal rule 25 "does not require that the statement [of death] identify the successor or legal representative"). The rule provides that the ninety-day time period will be triggered by the filing of the suggestion of death, but it does not require the suggestion of death to provide any information other than "the fact of death." Utah R. Civ. P. 25(a)(1).

¶ 18 Certainly, we encourage anyone filing a suggestion of death to identify a person who may be substituted for the decedent, if known. For all of those involved, this will save the time and expense of discovery aimed at identifying a person who may be substituted. However, if the party filing the suggestion of death is unaware of a person who may be substituted, or chooses not to provide that information, the suggestion of death will nonetheless trigger the ninety-day time period. The rule does not mandate that the suggestion of death contain such information.

¶ 19 However, with or without notice of the appropriate substitute, our holding does not unduly burden the party filing the motion for substitution. Under our interpretation of our rule 25, a party filing a motion for substitution does not have to know the identity of the person who may be substituted when filing the motion. A party, such as plaintiff in this case, may simply file a motion seeking to substitute the "Personal Representative of the Estate of the Decedent" or "John/Jane Doe." Once the motion is made, the proper person to be substituted for the decedent may be ascertained in due course, by discovery if necessary. Consequently, there is no concern that a failure to identify, in the suggestion of death, a person who may be substituted for the deceased party will result in "tactical maneuver[ing]." *Rende,* 415 F.2d at 986.

¶ 20 Because the plain language of rule 25 contains no requirement that the person who may be substituted for the decedent be identified in the suggestion of death, the suggestion of death in the instant case was legally sufficient.

## II. DENIAL OF MOTION TO ENLARGE TIME

¶ 21 As noted above, on April 1, 1999, defendant's law firm filed a motion to dismiss plaintiff's complaint because plaintiff had not moved for substitution within ninety days after the suggestion of death was filed. On April 12, 1999, plaintiff filed a motion to enlarge the time for filing its motion for substitution and also moved to appoint a substitute for the deceased defendant. In dismissing plaintiff's complaint, the district court also denied plaintiff's motion to enlarge time. Plaintiff also appeals this ruling.

¶ 22 Under rule 6 of the Utah Rules of Civil Procedure, the district court has the discretion to grant a motion to enlarge time after the time for doing the act has expired, "where the failure to act was the result of excusable neglect." Utah R. Civ. P. 6(b)(2). Accordingly, absent an abuse of discretion, we will affirm the district court's order denying plaintiff's motion to extend the time for filing its motion for substitution.

¶ 23 Plaintiff argues that his failure to file a motion for substitution within ninety days after defendant's law firm filed the suggestion of death was excusable neglect because during that time plaintiff's attorney was preparing for and moving his office to another location. Therefore, plaintiff claims, the district court abused its discretion in denying his motion for an extension of time.

¶ 24 In considering plaintiff's motion, the trial court weighed the following four factors: (1) whether plaintiff acted in good faith; (2) the danger of prejudice to the non-moving party; (3) the reason for plaintiff's delay; and (4) the length of the delay and its potential impact on judicial proceedings.[6] The district court specifically found that "although there has been no showing of prejudice to the non-moving party, the length of the delay, the absence of a showing of good faith, and most importantly the lack of a satisfactory reason for the delay all combine to require the Court to rule in favor of Defendant."

---

**6.** These factors are set forth in *West v. Grand County,* 942 P.2d 337, 340–41 (Utah 1997), dis-cussing excusable neglect under rule 4(e) of the Utah Rules of Appellate Procedure.

¶ 25 The district court did not abuse its discretion in denying plaintiff's motion to extend the time for filing a motion for substitution. After weighing the relevant factors, the district court found that plaintiff had not demonstrated excusable neglect to warrant an extension of time. Based on this finding, there is nothing to suggest that the district court abused its discretion in denying plaintiff's motion.

## CONCLUSION

¶ 26 The district court properly granted the motion to dismiss plaintiff's complaint based on plaintiff's failure to file a timely motion for substitution. Under rule 25 of the Utah Rules of Civil Procedure, a suggestion of death filed by the deceased defendant's law firm triggers the ninety-day time period during which plaintiff must file a motion for substitution. Rule 25 does not mandate that only a party or the successors or representatives of the deceased may file the suggestion of death. Furthermore, rule 25 does not require that the suggestion of death must be served on unspecified nonparties, nor does it require that the suggestion of death identify a person who may be substituted for the deceased.

¶ 27 Finally, the district court did not abuse its discretion in denying plaintiff's motion to enlarge the time for filing a motion for substitution.

¶ 28 Affirmed.

¶ 29 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.