2001 UT 46

**Brian Keith DONAHUE, Plaintiff and Appellant,**

v.

**Seth Albert SMITH and David R. Stoddard, Defendants and Appellees.**

**No. 20000075.**

Supreme Court of Utah.

June 5, 2001.

S. Baird Morgan, Brandon B. Hobbs, Salt Lake City, for plaintiff.

Craig M. Snyder, Phillip E. Lowry, Provo, for defendant.

WILKINS, Justice:

¶1 Plaintiff Brian Donahue filed suit against defendants Seth Albert Smith and David Stoddard for injuries arising out of an automobile accident. During the litigation, defendant Smith died. Under rule 25 of the Utah Rules of Civil Procedure, the law firm representing Smith filed a suggestion of death with the court. Because plaintiff did not file a motion for substitution within ninety days after the suggestion of death was filed, as required by rule 25, the district court dismissed plaintiff's complaint as to Smith. We affirm.

## BACKGROUND

¶2 On June 5, 1998, plaintiff filed a complaint against defendants Smith and Stoddard. On December 23, 1998, Smith died. Following Smith's death, the law firm representing Smith filed a suggestion of death with the court, on December 28, 1998. On April 1, 1999, more than ninety days later, Smith's law firm filed a motion to dismiss plaintiff's complaint. The law firm argued that because plaintiff had not filed a motion to substitute within ninety days after the suggestion of death was filed, as required by rule 25 of the Utah Rules of Civil Procedure, the complaint should be dismissed as to Smith.

¶3 Plaintiff filed a motion to enlarge the time for filing his motion for substitution on April 2, 1999. The district court denied plaintiff's motion for a time extension and dismissed plaintiff's complaint with prejudice.

¶4 On appeal, plaintiff argues that the district court erred in dismissing his complaint because the suggestion of death filed by Smith's law firm was insufficient to trigger the ninety-day time period during which plaintiff was required to file a motion for substitution. Additionally, plaintiff claims that the district court erred in dismissing his complaint with prejudice.

## ANALYSIS

### I. DISMISSAL OF PLAINTIFF'S COMPLAINT UNDER RULE 25

¶5 The issues plaintiff raises regarding the correct interpretation and appli-

cation of rule 25 of the Utah Rules of Civil Procedure were raised in and decided by this court in *Stoddard v. Smith,* 2001 UT 47, 27 P.3d 546, also issued today. Under *Stoddard*'s interpretation of rule 25, plaintiff's failure to file a motion to substitute another for defendant Smith within ninety days of the filing of the suggestion of death is sufficient basis to dismiss the complaint.[1]

## II. DISMISSAL WITH PREJUDICE

¶ 6 In determining whether the dismissal of plaintiff's complaint should be with or without prejudice, the district court analyzed the issue under rule 41(b) of the Utah Rules of Civil Procedure. That rule, in part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him .... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

Utah R. Civ. P. 41(b). The district court found that the motion to dismiss in this case was based on plaintiff's failure to "comply with these rules," specifically rule 25, and was not a dismissal "for lack of jurisdiction or for improper venue or for lack of an indispensable party." *Id.* Therefore, the district court concluded that the dismissal should constitute an adjudication upon the

merits. Accordingly, the court entered an order dismissing plaintiff's complaint with prejudice.

¶ 7 Plaintiff argues that the dismissal with prejudice was improper because a dismissal under rule 25 should be treated as a dismissal for failure to join an indispensable party, which must be a dismissal without prejudice under rule 41(b). *See Bonneville Tower Condominium Mgt. Comm. v. Thompson Michie Assocs.,* 728 P.2d 1017, 1020 (Utah 1986) (per curiam) (holding that dismissal with prejudice for failure to join an indispensable party would be an abuse of discretion).

¶ 8 We disagree. Rule 41(b) provides that, "[u]nless the court ... otherwise specifies, a dismissal ..., other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." This language, excepting a dismissal for "lack of an indispensable party" from the rule's presumption that the dismissal operates as an adjudication on the merits, applies only to a dismissal for failure to join an indispensable party under rule 19(b) of the Utah Rules of Civil Procedure.[2] Because the language in rule 41(b) discussing a dismissal for lack of an indispensable party refers only to a dismissal under rule 19(b), and because the district court granted the motion to dismiss based on plaintiff's failure to comply with rule 25, the district court properly determined that the dismissal was for a failure "to comply with these rules." Therefore, under rule 41(b), a dismissal with prejudice was presumed, and the district court was not in error to so rule.[3]

---

1. The analysis in *Stoddard,* 2001 UT 47, ¶¶ 21–25, 27 P.3d 546, 2001 WL 604173, also applies to Donahue's argument that the district court abused its discretion in denying his motion to extend the time to file a motion for substitution. The "press of other matters" is simply insufficient to establish excusable neglect warranting an extension.

2. Under rule 19(b), a dismissal is granted when a necessary party cannot be joined in the lawsuit, and the court determines that "in equity and good conscience" the action should not "proceed among the parties before it, [but rather] should be dismissed," Utah R. Civ. P. 19(b), because the indispensable party's "presence is required for a

full and fair determination of his rights as well as the rights of the other parties to the suit." *Cowen and Co. v. Atlas Stock Transfer Co.,* 695 P.2d 109, 114 (Utah 1984).

3. However, under rule 41(b) the district court was not required to dismiss plaintiff's complaint with prejudice. Rule 41(b) provides that, "Unless the court in its order for dismissal provides otherwise, a dismissal under this subdivision ... operates as an adjudication upon the merits." Under the rule, it would not have been error for the district court to provide in its order that plaintiff's complaint be dismissed without prejudice.

## CONCLUSION

¶ 9 The district court's order dismissing plaintiff's complaint with prejudice is affirmed. Under *Stoddard v. Smith,* 2001 UT 47, 27 P.3d 546, plaintiff had ninety days within which to file a motion for substitution after Smith's law firm filed the suggestion of death. Plaintiff failed to do so and the district court properly granted the motion to dismiss plaintiff's complaint. Furthermore, the district court did not err in determining that plaintiff's complaint should be dismissed with prejudice.

¶ 10 Affirmed.

¶ 11 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.