JONES INLET MARINA, INC., Plaintiff,

v.

John INGLIMA et al., Defendants.

No. 01–CV–6076(LDW)(ETB).

United States District Court,
E.D. New York.

Nov. 30, 2001.

John A.V. Nicoletti, Nicoletti Hornig Campise & Sweeney, New York City, for plaintiff.

James J. Toomey, Jr., Peter J. Creedon & Associates, Melville, NY, for defendants.

### ORDER

BOYLE, United States Magistrate Judge.

This order is issued in response to the letter dated November 9, 2001, written by Eric S. Hechler, attorney for the deceased defendant Albert Troscher notifying the court of his client's death. Hechler requests that this court's initial discovery order be stayed until an administrator is appointed to Mr. Troscher's estate. Annexed to this correspondence is a death certificate stating that Albert Troscher died on October 13, 2001. Plaintiff opposes this request, asking the court to proceed with discovery while the appointment of the administrator for Mr. Troscher's estate is pending, or alternatively to sever the action and stay discovery only as to Troscher until a representative of the estate files for the appointment as administrator. *See* Letter of Plaintiff dated Nov. 15, 2001.

■ Pursuant to Federal Rule of Civil Procedure 25:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1). Notwithstanding the mandatory language in Rule 25(a), the district court has considerable discretion in addressing the timing of substitution in the event of the death of a party. Fed.R.Civ.P. 25; Moore's Federal Practice § 25.10[2] (3d Ed.2000).

■ Under Rule 25(a), a motion for substitution of a party must be made within 90 days from the date that "death is suggested upon the record by service of a statement of the fact of death as provided in Rule 5 ... for the service of a motion." A suggestion of death must be served upon all involved parties, but does not need to identify the representative of the estate or the successor of the decedent. It does not need to be filed by the formal or appointed representative of the estate. *See Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 469–70 (2d Cir.1998) (finding that a statement of death filed by defendant's widow, a non-party to the action, did not require identification of the estate's representative or the decedent's successor, and that a representative did not need to be

selected before the statement of death could be filed). It is permissible for the former attorney of the decedent to file the suggestion of death, even though the attorney-client relationship ceased. *See United States v. Private Sanitation Indus. Assoc.*, 159 F.R.D. 389, 390 (E.D.N.Y.1994) (allowing counsel for two of the defendants to file suggestions of death in a civil RICO case after their clients died).

The court was notified by Mr. Hechler's November 9, 2001 letter that his client Albert Troscher has died. This letter was copied to "[a]ll parties" as required for a proper suggestion of death. It was served upon all parties by mail, *see* Fed.R.Civ.P. 5(b), and therefore the period within which any party or the defendant's successor or representative must make a motion to be substituted will be 93 days from the date of counsel's letter. *See* Fed.R.Civ.P. 6(e); *see also Pastorello v. City of New York*, No. 95 CIV. 470, 2000 WL 1538518, at *2 (S.D.N.Y. Oct. 18, 2000) (adding three additional days for service by mail under Rule 6(e) to the 90 day period).

■ If there is an inability or significant difficulty in identifying Troscher's legal representative or successor, a motion may be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution beyond the 93 day time period.[1] Fed R. Civ. P. 6(b); *Unicorn Tales, Inc.*, 138 F.3d at 470; *see also Pastorello*, 2000 WL 1538518 at *2 (granting 6(b) enlargement motion to extend the time to move for substitution).

■ Therefore, any party or the successors or representatives of the deceased party should make a motion for substitution on or before February 12, 2002 or the action will be dismissed against Albert Troscher. Because of the brief delay in the scheduling of the initial conference occasioned by the notification of death herein, defendant Troscher's request for a stay of discovery is granted and plaintiff's request for a severance and to

proceed with discovery without affording an opportunity for substitution is denied. The denial is without prejudice to renewal in the event that the substitution motion is not filed pursuant to the schedule noted above.

Discovery in this matter is stayed until further order of the court. The initial conference scheduled for January 11, 2002 is adjourned to March 8, 2002 at 11:30 am.

Movant's counsel is directed to serve a copy of this order on all parties upon receipt, and upon the representative or successor of Mr. Troscher's estate, if presently designated.

SO ORDERED.

---

1. Under New York law, "a person interested in an action brought ... in which ... the person alleged to be deceased, if living, would be a proper party may present a petition to the court having the jurisdiction praying for a decree granting letters of administration to him or to another person upon the estate of the intestate or the person alleged to be deceased." S.C.P.A. § 1002(1). "A petition for the probate of a will may be presented by ... any party to an action brought ... in which action the decedent, if living, would be a party." S.C.P.A. § 1402(1)(c).