MAXWELL, J.,
for the Court:
¶ 1. When a party to a lawsuit dies, and the claim survives, Mississippi Rule of Civil Procedure 25(a)(1) confers the right to substitute “the proper parties.” There must be a motion for substitution made by another party or the deceased party’s successor or representative. This motion must be served on parties following Rule 5 and interested nonparties following Rule 4. See M.R.C.P. 4, 5. And when “death is suggested upon the record by service of a statement of the fact of the death,” this motion must be timely. M.R.C.P. 25(a)(1). The rule dictates that “[t]he action ... be dismissed without prejudice as to the deceased party if the motion for substitution is not made within ninety days after the death is suggested upon the record[.]” Id. (emphasis added).
¶ 2. Eddie Keller’s tort action against Joseph Bennett was dismissed after he failed to file a motion for substitution within ninety days after Bennett’s counsel served a statement of the fact of death on Keller under Rule 5. Keller attempts to excuse his failure to act by asserting the suggestion of death failed to comply with Rule 25(a)(1) and, thus, did not trigger the running of the ninety-day period against him. But Keller’s three reasons for noncompliance — (1) no nonparty was served under Rule 4; (2) Bennett’s attorney lacked authority to suggest death on the record; and (3) the suggestion of death did not identify who should be substituted for Bennett — are not based on positive requirements of suggestion of death under Rule 25(a)(1).
¶ 3. We refuse to read into the rule requirements that are not there. What Rule 25(a)(1) does positively require is that a motion for substitution be filed within ninety days after death is suggested upon the record. Because Keller did not move for substitution within ninety days after the suggestion of Bennett’s death — served on Keller under Rule 5, filed by counsel for not only Bennett but also his codefen-dant, and containing a statement of the fact of Bennett’s death — we affirm the circuit court’s judgment dismissing the deceased Bennett under Rule 25(a)(1).
Background
¶ 4. While driving his daughter’s car, Bennett struck Keller, who was riding a bike. Keller sued both Bennett and Bennett’s daughter Clara Larish in Harrison County Circuit Court. A year later, while litigation was still pending, Bennett died. Bennett’s counsel, who also represented Larish, filed with the circuit court a suggestion of death on behalf of “the Defen *750 dants” on September 10, 2009. This suggestion of death was simultaneously served on Keller’s counsel in compliance with Rule 5.[1]
¶ 5. Ninety days passed without Keller filing a motion to substitute. So on January 7, 2010, Bennett’s counsel filed a motion for summary judgment or, alternatively, to dismiss Bennett. Counsel also filed a separate motion for summary judgment in favor of Larish. A year passed before both motions were heard. During that year, while some discovery was conducted, Keller never inquired whether an estate for Bennett had been opened or who would be the proper successor or representative to defend the suit against Bennett.
¶ 6. A week before the summary-judgment hearing, on January 20, 2011, Keller finally moved for leave to file a motion for substitution. The circuit court denied this motion as untimely and granted Bennett’s motion to dismiss. The circuit court also granted summary judgment in favor of Larish, making the judgments final, as all claims against both defendants were disposed of.
¶ 7. Keller appeals the grant of dismissal of Bennett under Rule 25(a)(1). (Keller does not appeal the summary judgment granted in favor of Larish.) His appeal challenges the circuit court’s interpretation and application of Rule 25(a)(1), which this court reviews de novo. See Corporate Mgmt. v. Greene Rural Health Ctr. Bd. of Trs., 47 So.3d 142, 145 (¶ 11) (Miss.2010) (reviewing the interpretation and application of the law de novo) (citation omitted).
Discussion
¶ 8. While there are very few cases in Mississippi that address Rule 25(a) — and no case that addresses the running of the ninety-day time limit against a plaintiff when the attorney for the deceased defendant files a suggestion of death — we are not left without guidance. Rule 25(a)(1) is clear that the ninety-day period cutting off the time to file a motion for substitution begins to run “after the death is suggested upon the record by service of a statement of the fact of the death.” M.R.C.P. 25(a)(1).
¶ 9. Based on the plain language of Rule 25(a)(1), we reject Keller’s three reasons for why the ninety-day period did not begin to run. Rule 25(a)(1), while providing how a nonparty is served, does not require a nonparty be served in every case where death is suggested upon the record. Neither does it direct who may suggest death upon the record nor require any additional information beyond “a statement of the fact of death.” M.R.C.P. 25(a)(1).

I. Service of Suggestion of Death

¶ 10. “What starts the ninety[-]day[ ] period is not just any reference in the record to a party’s death, but ‘a statement of the fact of the death’ that is served on parties in the suit under Rule 5 and on non-parties under Rule 4.” Estate of Baxter v. Shaw Assocs., 797 So.2d 396, 402 (¶ 26) (Miss.Ct.App.2001) (quoting M.R.C.P. 25(a)(1)).
¶ 11. Keller argues the ninety-day period was not triggered because the suggestion of death was not properly served. In making his argument, Keller is not claiming he was not properly served the statement of death under Rule 5. Instead, he reasons that, because Rule 25(a)(1) provides how a nonparty should be served, a nonparty must be served under Rule 4 in *751 order to trigger the ninety-day substitution period. And because no nonparty was served under Rule 4, the time limit to file a motion for substitution has not run against him.
¶ 12. Though Mississippi appellate courts have not confronted this issue, the Supreme Court of Utah rejected this very argument in a factually similar case:
Plaintiffs interpretation of the rule, that the rule mandates that at least one unspecified nonparty must be served with the suggestion of death for the suggestion of death to trigger the ninety-day limitation period, is incorrect. There is no definition for, or limitation of, the category of “persons not parties.” The rule does not define “persons not parties” because the rule does not prescribe who must be served with the suggestion of death, but rather how they are served, once a party decides which nonparties, if any, need to be served with the suggestion of death.
Stoddard v. Smith, 2001 UT 47, 27 P.3d 546, 550 (¶ 15) (2001) (emphasis added).
¶ 13. Mississippi’s Rule 25(a)(1), like Utah’s, does not define or categorize “persons not parties.” And instead of judicially creating a category of nonparties that must be served in every case where death is formally suggested, we instead consider whose rights are being cut off by the ninety-day limit. If it is a party, like Keller, who moves for substitution of another deceased party, the question becomes — was that party properly served under Rule 5? But if it is a nonparty, such as the estate of a deceased plaintiff, who moves for substitution as the plaintiff, the question becomes — was that interested nonparty served under Rule 4?
¶ 14. Keller relies on a ease where the ninety-day period was found not to have run against a nonparty, who had an interest in the deceased plaintiffs action, because she was not properly served with the statement of the fact of death. Hurst v. Sw. Miss. Legal Servs. Corp., 610 So.2d 374, 386 (Miss.1992), overruled on other grounds by Rains v. Gardner, 731 So.2d 1192 (Miss.1999). In Hurst, the plaintiff died, and the defendant served the suggestion of death on the deceased plaintiffs attorney, who had yet to be retained by the deceased plaintiffs estate. Hurst, 610 So.2d at 385. When the representative of the estate filed a motion for substitution ninety-two days after the suggestion of death, the supreme court held this motion was timely. The estate was a nonparty, so under Rule 25(a)(1) only service under Rule 4 would trigger the ninety-day limit against the estate. Hurst, 610 So.2d at 386. The Mississippi Supreme Court held the estate’s actual notice of the suggestion of death was not enough to trigger the ninety-day substitution period. Id. (citing Ransom v. Brennan, 437 F.2d 513, 519 (5th Cir.1971)). Rule 25(a)(1) requires service, and when dealing with a nonparty, service must be in compliance with Rule 4.
¶ 15. To the extent Keller relies on Hurst, that case holds actual notice is not sufficient — only proper service. Hurst, 610 So.2d at 386. It does not hold that Rule 4 service is required in every case where death is suggested. Rule 4 service was required in Hurst because an interested nonparty was moving for substitution. Unlike the deceased plaintiffs estate in Hurst, Keller is a party. And Rule 25(a)(1) says that service on parties, like Keller, is proper if Rule 5 is followed— which it indisputably was.
¶ 16. Because there is no positive requirement that certain nonparties must be served with the statement of death in order to make a suggestion of death on the record, Keller cannot rely on the “failure” to serve unspecified nonpar *752 ties to keep the ninety-day period from running against him. Keller received more than actual notice — he was properly served with the statement of death. Under Rule 25(a)(1), this Rule 5 service was sufficient to start the ninety-day period running against him.

II. Authority to File Suggestion of Death

¶ 17. Keller next argues the suggestion of death was deficient because it was not filed by a party or Bennett’s successor or representative, but rather by the deceased Bennett through his attorney, who no longer had authority to act on Bennett’s behalf.
¶ 18. Some courts have interpreted the federal version of Rule 25(a) to permit only remaining parties or the representative of the deceased party’s estate to suggest death on the record, for purposes of triggering the ninety-day time limit. E.g., Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir.1985); Boggs v. Dravo Corp., 532 F.2d 897, 900 (3d Cir.1976); Rende v. Kay, 415 F.2d 983, 986-86 (D.C.Cir.1969); see also F.R.C.P. 25 advisory committee’s note (“If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.”). But other courts have held that Rule 25— while specifying that only a party or deceased party’s representative may file a motion for substitution — is silent about who may suggest death upon the record. See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir.1998) (rejecting the interpretation of Federal Rule 25 that a suggestion of death has to be filed by a party or the successors or representatives of the deceased party); see also Stoddard, 27 P.3d at 549 (¶ 8) (“While this additional requirement seems to serve a valid purpose, it is not found in the language of [R]ule 25.”).
¶ 19. In this case, the ninety-day period was triggered under either interpretation. Bennett’s attorney also represented Larish, a remaining party. And the suggestion of death clearly indicated it was being filed on her behalf as well. But we do find persuasive the reasoning for the approach that Rule 25(a) does not restrict the attorney for the deceased party from suggesting death upon the record. This interpretation accomplishes “the rule’s purpose, which is to prevent undue delay in a lawsuit. The ninety-day time limitation for a party to file a motion for substitution ensures that the lawsuit will either continue forward or will be dismissed as to the deceased party.” Stod-dard, 27 P.3d at 549 (¶ 10). And “this interpretation is also consistent with the ethical obligations imposed on attorneys, including those whose client dies. An attorney has an ethical obligation to take the necessary steps to protect a deceased client’s interests immediately following the client’s deathf.]” Id. at (¶ 11) (citing Utah’s Rules of Professional Conduct).
¶ 20. Under Mississippi’s Rule 25, the ninety days begins running “after the death is suggested upon the record by service of a statement of the fact of the death,” without any restriction on who may serve the statement of the fact of death. M.R.C.P. 25(a)(1); see Estate of Baxter, 797 So.2d at 402 (¶26) (only requiring service of the statement of the fact of death to trigger the ninety-day period, without any restriction on who may the serve suggestion of death). Because the express language of Rule 25(a)(1) does not restrict who may suggest death upon the record, we find Bennett’s attorney was as equally authorized to suggest Bennett’s death as counsel for Bennett, as he was as counsel for Larish.

*753
III. Content of Suggestion of Death

¶ 21. Keller finally argues the suggestion of death was deficient because it did not identify who should be substituted for Bennett.
¶ 22. The only requirements under Rule 25(a)(1) are that “[t]he suggestion of death must be in writing and must be served on parties in accordance with Rule 5 and upon persons not parties as provided in Rule 4 for the service of a summons.” M.R.C.P. 25 cmt. Nowhere in the rule or its official comment is there a requirement that the suggestion of death indicate the deceased party’s successor or representative. See M.R.C.P. 25(a)(1) & cmt.
¶23. Keller relies on cases that have followed the interpretation of the United States Court of Appeals, District of Columbia Circuit, “that a suggestion of death does not set in motion Rule 25(a)(l)’s ninety-day limitation unless the suggestion ‘identifies the representative or successor who may be substituted as a party.’ ” McSurely v. McClellan, 753 F.2d 88, 98 (D.C.Cir.1985) (quoting Rende, 415 F.2d at 986). But “[tjhese cases read the identification requirement into the rule [out of concern] that the failure to identify a person who may be substituted ... ‘would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days.’ ” Stoddard, 27 P.3d at 550 (¶ 16) (emphasis added) (quoting Rende, 415 F.2d at 986). Though “sharing] this concern,” other courts have rejected this interpretation because Rule 25 has “no requirement ... that the suggestion of death identify a person who may be substituted for the decedent.” Id. at 550-51 (¶¶ 16-17) (citing Unicorn Tales, 138 F.3d at 470).
¶ 24. The Fifth Circuit, in an unpublished opinion, has agreed with this second interpretation and held “Rule 25 does not require that the suggestion of death identify the successor party.” Ray v. Koester, 85 Fed.Appx. 983, 984 (5th Cir.2004) (citing Unicom Tales, 138 F.3d at 470)). Further, despite the D.C. Circuit and other courts’ concerns, failure to identify the successor party “does not unduly burden the party filing the motion for substitution.” Stoddard, 27 P.3d at 551 (¶ 19). “[A] party filing a motion for substitution does not have to know the identity of the person who may be substituted when filing the motion ... [because he] may simply file a motion seeking to substitute the ‘Personal Representative of the Estate of the Decedent’ or ‘John/Jane Doe’ ” during the ninety-day time period to preserve his right to substitute. Id. “Once the motion is made, the proper person to be substituted for the decedent may be ascertained in due course, by discovery if necessary,” eliminating the fear that not requiring suggestions of death to identify successors will lead to “tactical maneuvering.” Id.
¶ 25. Here, Keller was not unduly burdened by having to find out who to substitute for Bennett. Keller could have moved for substitution within ninety days even though Bennett’s representative was not yet identified. Further, Rule 6(b)’s provisions for enlargement of time apply to Rule 25(a)(l)’s ninety-day period. See M.R.C.P. 6(b). When a party must act within a certain time period,[2] such as ninety days after death is suggested on the record, Rule 6(b) allows the trial court, in its discretion and for cause shown: (1) to enlarge the amount of time before the *754 expiration of the time period, and (2) to permit the action after expiration of the time period “where failure to act was the result of excusable neglect.” M.R.C.P. 6(b).
¶ 26. Under Rule 6(b)(1) Keller could have, during the ninety-day period, moved to have the time enlarged because Bennett’s successor had not yet been identified. But Keller did not. Even after the ninety-day limit expired, Keller allowed a year to pass, in which further discovery had been conducted, without inquiring of Bennett’s counsel whether an estate had been opened or a representative had been appointed. So Keller cannot claim excusable neglect under Rule 6(b)(2).
¶ 27. We decline to add requirements to Rule 25(a)(1). Rule 25(a)(1) requires only a statement of the fact of death suggested upon the record. It does not mandate this statement indicate Bennett’s successor. Because the suggestion of death in this case stated the fact of Bennett’s death, the service of the suggestion of death triggered the ninety-day period. And because Keller waited over a year after this time period had lapsed before filing for leave to move for substitution, the denial of his motion was proper.
¶ 28. We affirm the judgment dismissing Keller’s claims against the deceased Bennett, as directed under Rule 25(a)(1).
¶ 29. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. Under Rule 5(b)(1), "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon the party himself is ordered by the court.”

. Rule 6(b) expressly does not apply to the time periods for action under Rules 50(b), 52(b), 59(b), 59(d), 59(e), 60(b), and 60(c), "except to the extent and under the conditions therein stated.” M.R.C.P. 6(b).