Valerie BULLOCK, by and through her Father and next friend, Lynwood Bullock, and Lynwood Bullock, Appellants,

v.

NORTHERN INSURANCE COMPANY OF NEW YORK, Appellee.

No. 7514.

United States Court of Appeals Tenth Circuit.

May 4, 1964.

Walter K. Martinez, Grants, N. M., for appellants.

James C. Ritchie, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, and Robert M. St. John, Albuquerque, N. M., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellants filed an action for personal injuries in the District Court of Valencia

County, New Mexico, against Georgia Ann Stringfellow. A default judgment was entered for plaintiffs-appellants, and appellants then filed an application for writ of garnishment asserting that the garnishee, who is here the appellee, was indebted to the damage suit defendant. This assertion was based upon the existence of an insurance policy wherein appellee was the insurer and the damage suit defendant, Georgia Ann Stringfellow, was the insured. The writ was issued and served on appellee. Appellee then removed the suit to the United States District Court for New Mexico and filed an Answer to the writ on October 22, 1962, stating it was not indebted to the defendant. This answer did not contain a certificate of service nor was a separate instrument so entitled filed in the action. On November 14, 1962, appellee filed its application to be discharged, this being more than twenty days after the filing of its answer. Thereafter appellant filed a motion for extension of time to contravene the answer of garnishee. The trial court discharged the garnishee-appellee and filed findings and conclusions. This appeal was taken from the discharge of the garnishee-appellee.

The question presented is whether the trial court's finding that the garnishee's answer was served and was not controverted within the time provided by state statute is supported by the record.

Section 26–2–17, N.M.Stat.Ann. 1953, provides that if it appears from garnishee's answer that he is not indebted to the defendant and was not at the time the writ was served; and should the answer of the garnishee not be controverted within twenty days after it was filed and a copy thereof served on the plaintiff, the court upon application of the garnishee shall enter judgment discharging him.

■ As mentioned above, there was no formal certificate of service filed. There was however a letter of transmittal of the answer of garnishee to the clerk which recited that copies had been sent to appellants. The appellants made no objection to the trial court as to the sufficiency of service. The trial court made a finding that service had been made. The appellants do not here deny that service was made more than twenty days before they moved for an enlargement of time in which to controvert the answer. Instead they urge here that the letter of transmittal was not a suitable certificate of service, and there was no showing of service to support the trial court's finding. The trial court found there was no reason to enlarge the time and denied appellants' motion to do so.

The findings of the trial court are supported by the record, including the finding that service was made. The inferences from the facts show that the service was made more than twenty days before appellee's motion to be discharged. If the statute permitted any discretion in the extension of time, we cannot say that the court abused its discretion in refusing the request.

■ The appellant urges that Timmons v. United States, 194 F.2d 357 (4th Cir.), is authority for a result contrary to that reached by the trial judge. In the cited case the question was raised whether service of requests for admission had been made. The proof of service was a certificate of service which was claimed to be inadequate. The court noted that where no objection was made to the proof of service or to the sufficiency of the attorney's certificate at the trial, the trial court could accept the form there used. Here also no objection was made at the hearing to the service nor to the form of "certificate" and the trial court was justified in accepting the one used.

■ The findings of the trial court are supported by the record and nothing has been shown to overcome the presumption that his action was proper.

Affirmed.