Joseph ANDERSON, Appellant,

v.

REPUBLIC MOTOR INNS, INC., t/a Holiday Inn of Lancaster.

No. 19083.

United States Court of Appeals, Third Circuit.

Argued May 20, 1971.

Decided June 10, 1971.

Herbert Somerson, Zarwin, Prince, Baum, Steerman, Somerson & Meritz, Philadelphia, Pa., for appellant.

Theodore H. Lunine, Philadelphia, Pa. (Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., on the brief), for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

■■ This appeal challenges an order of the district court dismissing the complaint for failure of the plaintiff to comply with F.R.Civ.P. 25(a) (1), providing that "unless the motion for substitution [after death of a party] is made not later than 90 days after the death is suggested upon the record * * *, the action shall be dismissed as to the deceased party." The suggestion of the death of the plaintiff was filed on July 2, 1969, and, although no document entitled "Motion for Substitution" was filed within 90 days of that date, the plaintiff filed a pre-trial memorandum on August 12, 1969, containing this language under

"D. PLEADINGS":

"Because of the death of the plaintiff, * * * the wife (as executrix of his estate) is to become the substitute plaintiff."

Under the circumstances of this case, we have concluded that this language is sufficient to constitute the motion contemplated by F.R.Civ.P. 25(a) (1), supra.[1]

■ We take this opportunity to advise the members of our Bar that we should not have to state that both the Federal Rules of Civil Procedure and the Local Rules of the district courts should be complied with so that time-consuming and expensive litigation such as that resulting in this appeal can be avoided. We emphasize that the foregoing provision of the pre-trial memorandum was not called to the attention of the district court and, hence, there is no room for any criticism whatever in its handling of this matter. However, after consid-

1. The defendant's pre-trial memorandum, filed in response to plaintiff's pre-trial memorandum, contained this language under "Special comments about discovery, pleadings or legal issues involved": "None." Under the pre-trial procedures of the U. S. District Court for the Eastern District of Pennsylvania, the pre-trial memorandum limits the parties and contentions which may be considered at the trial. See Inter-American Chemicals, S. A. v. Lavino Shipping Company, 48 F.R. D. 353, 354 (E.D.Pa.1969). In Payne v. SS. Nabob, 302 F.2d 803 (3d Cir. 1962), this court approved this pre-trial procedure. Under these circumstances, the setting forth in the pre-trial memorandum, of the intention to substitute is adequate to constitute the motion contemplated by F.R.Civ.P. 25(a) (1).

89

eration of the entire record, and for the reasons stated above, we have decided that the above-mentioned May 1970 order of dismissal should be vacated and plaintiff should be granted the opportunity to promptly submit an order amending the caption and complaint to substitute Mrs. Anderson, Executrix under the will of Joseph Anderson, as plaintiff in this action.[2] We emphasize that the unusual facts of this case lead us to vacate the May 1970 order of dismissal in the interests of justice. We also emphasize that this is an extraordinary case, and that departure from the requirements of the Federal Rules is not to be permitted routinely.

An order will be entered vacating the above-mentioned May 1970 order of the district court and the case will be remanded for proceedings consistent with the foregoing opinion. The costs of this appeal shall be paid for by counsel for appellant personally.

---

2. The plaintiff should supply to the district court for the record the court, docket number, etc., reflecting the date of Mrs. Anderson's appointment, her qualification as such executrix, the appointing authority, etc.