**David F. TATTERSON, Executor of the Estate of B.F. Tatterson, deceased, Plaintiff,**

v.

**KOPPERS COMPANY, INC., a corporation, and the Pension Committee of the Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees, Defendants.**

Civ. A. No. 83–2028.

United States District Court, W.D. Pennsylvania.

Sept. 7, 1984.

Michael J. Seymour, Feczko & Seymour, Pittsburgh, Pa., for plaintiff.

John E. Beard, III, Judith A. Mackarey, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

MANSMANN, District Judge.

This action is before the Court on Defendants' Motion to Dismiss and Plaintiff's subsequent Motion for Enlargement of Time and Motion for Substitution. For the reasons stated below, Defendants' motion is denied and Plaintiff's motions are granted.

On July 25, 1983, B.F. Tatterson, a former employee of Koppers Company, Inc., filed a Complaint in the Court of Common Pleas of Allegheny County against Koppers Company, Inc. and The Pension Committee of the Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees. The Complaint alleged that Plaintiff had been wrongfully denied retirement benefits due him under the retirement plan. On Defendants' petition for removal, the suit was removed to this Court.

Plaintiff died on January 19, 1984. Defendants filed a Suggestion of Death five days later on January 24, 1984. Approximately six months later, on July 27, 1984, Defendants filed a motion to dismiss based on the failure of Plaintiff's legal representative(s) to file a motion for substitution within 90 days of the Suggestion of Death as required by Rule 25(a)(1) of the Federal Rules of Civil Procedure.

On August 6, 1984, Plaintiff's counsel responded to Defendants' motion by moving for enlargement of time to file a Motion for Substitution under Rule 6(b) pending the appointment of an executor of Plaintiff's estate. David Tatterson was appointed executor on August 10 and filed the Motion for Substitution on August 27, 1984.

Despite the Plaintiff's death in January, counsel for both Plaintiff and Defendants have continued to pursue the case. In February of 1984, Plaintiff's counsel filed for production of documents and Defendants responded to that motion. On May 18, 1984, Plaintiff's counsel filed a notice of an oral deposition to take place on June 1, 1984. In addition, this Court has ordered that discovery be closed on September 30, 1984 and that a pretrial stipulation be filed on or before October 30, 1984.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for the substitution of parties in the event of death. The rule also states:

> Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 6(b)(2) of the Federal Rules of Civil Procedure allows the Court in its discretion to permit a motion for substitution after the expiration of the 90 day time period. *See also* Notes of Advisory Committee on the Civil Rules, 28 U.S.C. Rule 6.

■ This Court does not encourage delays in filing motions for substitution or motions for enlargement of time pursuant to Rules 6(b) and 25(a), and departure from the Federal Rules of Civil Procedure will not be permitted routinely. *Anderson v. Republic Motor Inns*, 444 F.2d 87, 88 (3d Cir.1971) (per curiam). However, the history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted. *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir.1966); *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974). The factors to be considered by the Court before allowing a substitution of parties after the expiration of the time period include any prejudice to the other party, good faith, and excusable neglect. *See Staggers*, 359 F.2d at 296; *National Equip. Rental v. Whitecraft Unlimited*, 75 F.R.D. 507, 510 (E.D.N.Y.1977); *Yonofsky v. Wernick*, 362 F.Supp. 1005, 1012–15 (S.D.N.Y.1973).

■ In the instant case, Plaintiff's counsel states that he could not move for substitution within the time period because of delays in the appointment of David Tatter-

son as executor of Plaintiff's estate. Although it would have been preferable if Plaintiff's counsel had moved for an enlargement of time during the 90 day period, this Court finds no bad faith in his failure to do so. The motion for substitution was filed 17 days after David Tatterson's appointment as executor. Because the identity of the executor was uncertain until he was duly confirmed by the Register of Wills, this Court finds no culpable conduct in the failure of a legal representative to file a motion for substitution prior to the expiration of the 90 day time limit.

Likewise, this Court finds no evidence of prejudice to Defendants. Both Plaintiff and Defendants have proceeded with discovery and pretrial proceedings. Defendants have indicated no evidence of undue prejudice to their case.

For the foregoing reasons, this Court will exercise the discretion provided by Rule 6(b)(2) to enlarge the time period for the filing of the motion for substitution and will grant the motion for substitution.

An appropriate Order shall issue.

P. Christian Hague, John F. Hooper, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Michael Blair.

Raymond G. Hasley, C. Andrew McGhee, Rose, Schmidt, Dixon & Hasley, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MANSMANN, District Judge.