In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-2371

VESTER RUSSELL,

*Plaintiff-Appellant,*

*v.*

CITY OF MILWAUKEE, CITY OF
MILWAUKEE EMPLOYEES' RETIREMENT
SYSTEM ANNUITY & PENSION BOARD,
GARY J. BRAZGEL, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 C 414—**J.P. Stadtmueller**, *Judge.*

ARGUED JUNE 4, 2003—DECIDED JULY 28, 2003

Before RIPPLE, DIANE P. WOOD and WILLIAMS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Vester Russell brought this claim pursuant to 42 U.S.C. § 1983, along with a Wisconsin state law claim, against the City of Milwaukee, the Milwaukee Employees' Retirement System Annuity and Pension Board, and individual defendants (collectively "defendants"). During the pendency of the action, Mr. Russell died. The district court then entered two scheduling orders setting forth the

time frame in which a substitution of parties was to be filed. After Mr. Russell's representatives failed to substitute parties by the deadline set in the court's final scheduling order, the defendants filed a Suggestion of Death on the Record in accordance with Federal Rule of Civil Procedure 25(a). When Mr. Russell's representative or attorney did not file for a substitution of parties within 90 days of filing the Suggestion of Death, and six months after it was due under the district court's last scheduling order, the district court dismissed the case with prejudice in accordance with Rule 25(a). For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

Vester Russell was a firefighter for the City of Milwaukee, Wisconsin. He was injured in an accident and subsequently applied for disability benefits on November 8, 1994, under the Milwaukee Employees' Retirement System. This plan is administered by the Milwaukee Employees' Retirement System Annuity and Pension Board ("the Board"). Two years later, Mr. Russell's disability benefits were discontinued. After unsuccessfully taking two intermediate administrative appeals, Mr. Russell further appealed the discontinuance to the Board. The Board initially decided that, in order to evaluate effectively his eligibility for the benefits, Mr. Russell ought to be re-examined; however, the Board eventually decided against that course. In a vote on January 24, 2000, the Board affirmed the intermediate decisions and denied Mr. Russell disability benefits.

In February 2000, Mr. Russell filed suit against the City of Milwaukee, the Board, and the members of the Board as

constituted on January 24, 2000, in their official capacities, under § 1983 for denial of due process and under Wisconsin statutory law, which provides for judicial review of the termination of disability benefits after exhausting administrative appeals. *See* Wis. Stat. § 68.13. The defendants removed the case to the district court in March 2000.

On May 31, 2000, the district court entered a scheduling order requiring that discovery be completed by December 1, 2000, and that all dispositive motions be filed by January 10, 2001. However, on December 19, 2000, Mr. Angermeier, counsel for Mr. Russell, sent a letter to the court, with a copy to Jurmaine Russell (Mr. Russell's wife) and to counsel for the defendants, informing the court that "Mr. Russell unexpectedly died on December 3, 2000 due to a brain aneurysm." Appellees' Br. App. at 103. The letter also explained that Ms. Russell had not retained Mr. Angermeier to represent any interest she may have in the action and noted that Ms. Russell was "currently not a party to this action." *Id.* The court then entered a revised scheduling order by stipulation of the parties that provided "[t]hat surviving spouse of Plaintiff Vester Russell's be allowed until February 1, 2001 to obtain counsel and move for a substitution of parties." R.10 at 1.

On January 25, 2001, Attorney Willie J. Nunnery entered a notice of appearance as an attorney for "the Plaintiff" in this case and then moved to extend the deadlines in the scheduling order. R.11 at 1. Accordingly, Attorney Maurita Houren (counsel for defendants), Mr. Angermeier and Mr. Nunnery all signed a stipulation for a new scheduling order, which was entered by the court. The order contained the following deadlines: (1) a deadline of April 1, 2001, for substitution of parties by the surviving spouse; (2) a discovery deadline of June 1, 2001; and (3) a deadline for all dispositive motions of July 1, 2001. *See* R.14 at 1-2. Mr.

Nunnery failed to file a substitution of parties by April 1, 2001; in fact, a substitution was never filed in this case.

On June 7, 2001, Mr. Nunnery sought, and the court granted, an extension of the discovery and dispositive motions deadlines; specifically, all discovery had to be completed by July 10, 2001, and all dispositive motions had to be filed by August 3, 2001. *See* R.18 at 1. Nevertheless, the court warned that "because there already have been several extensions this will be the last extension granted in this case." *Id.*

On June 18, 2001, the defendants filed by letter a "Suggestion of Death on the Record" with the court pursuant to Rule 25(a)(1). R.17. The Suggestion of Death did not include a certificate of service stating that it had been served on Mr. Nunnery and Mr. Angermeier. However, a cover letter to the court accompanying the Suggestion of Death stated that copies of the Suggestion of Death were being served "on the attorneys of record." Letter of Maurita Houren to district court 6/15/01. Additionally, in a subsequent letter to the court dated October 31, 2001, Ms. Houren stated that she had served the Suggestion of Death by mailing it to both Mr. Nunnery and Mr. Angermeier.

On August 3, 2001, the defendants moved for partial summary judgment on the merits, and, subsequently, on September 26, 2001, the defendants moved to dismiss on the basis that there had been no substitution of parties. On October 12, 2001, Mr. Nunnery filed a response to the motion to dismiss. Attached to the response was an affidavit, in which Mr. Nunnery attested that "he did not receive a copy of the Suggestion of Death on the Record Pursuant to Federal Rule of Civil Procedure 25(a)(1)." R.31 at 1. Mr. Nunnery also filed a motion for "leave for substitution of the party-plaintiff." R.32. His reasons for requesting leave were that such was "[i]n the interest of justice," that discov-

ery was completed, that "no party will be prejudiced by this substitution" and for reasons stated in an attached affidavit by Mr. Nunnery. *Id.* at 1. The attached affidavit noted the death of Mr. Russell and stated that Mr. Nunnery, "as Plaintiff's counsel, was unintentionally derelict in filing appropriate substitution of parties in the above-captioned matter." R.33 at 2. No excuse or explanation was offered.

The district court, relying on Rule 25(a), granted the defendants' motion to dismiss the case in its entirety and denied the plaintiff's motion for leave to substitute parties. In its order, the district court refused to exercise its discretion and extend the time period to substitute parties. It additionally found that Ms. Houren had in fact served the Suggestion of Death on Mr. Nunnery by mailing it. The district court noted that under Rule 5(b), service is effected when the paper is mailed and not when it is received, and thus the question of whether Mr. Nunnery received the Suggestion of Death was irrelevant. The court found, "relying upon the October 31, 2001 signed letter of Defendants' counsel," that "the suggestion of death was served upon Nunnery and Angermeier." R.35 at 9.

## II

## DISCUSSION

### A.

Mr. Russell argues on appeal that the defendants did not comply with Rule 25(a)(1) and that the court erred in dismissing the entire action. "[W]e review the district court's legal interpretation of Rule 25(a)(1) de novo and factual findings for clear error." *Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 469 (2d Cir. 1998).

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

Mr. Nunnery asserts that the 90-day period was not triggered by Ms. Houren's filing of the Suggestion of Death on June 18, 2001, because she "did not comply in any manner with the requirements of Fed. R. Civ. P. 25(a)(1)," that is, "[t]here was never any service to any party in this matter regarding the proposed Suggestion of Death on the Record." Appellant's Br. at 31. Rule 25(a) specifically requires service on parties, and Mr. Nunnery's affidavit states that he was not served with the Suggestion of Death. However, the district court found that service had been effected. At oral argument, Mr. Nunnery clarified the contours of his contention on appeal. He argues that, when a certificate of service has not been filed, as it was not in this case, the district court cannot determine that the Suggestion of Death nevertheless was served on the parties.

Rule 25(a) incorporates Rule 5 as setting forth the manner in which the Suggestion of Death and any substitution of parties is to be served. Rule 5(a) requires that the papers within its ambit "shall be served upon each of the parties."

Fed. R. Civ. P. 5(a).[1] Rule 5(d) states: "All papers . . . required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service." Fed. R. Civ. P. 5(d). The certificate of service provision was added in 1991, and the Advisory Committee Notes explain that 5(d) was "amended to require that the person making service under the rule certify that service has been effected." Fed. R. Civ. P. 5(d) advisory committee's note (1991). Although the word "require" connotes that the filing of the certificate is mandatory, the rest of the Advisory Committee Note indicates that the purpose of the requirement is to aid the district court by creating a standard method of proof that service was made; there is no indication that the amendment was meant to remove completely a district court's discretion to find that service has been made when a party fails to file a certificate. The Advisory Committee Note states: "Having such information on file may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service. The certificate will generally specify the date as well as the manner of service . . . ." *Id.*

In a somewhat different situation, the Northern District of New York refused to disregard an amended complaint "because of the absence of a certificate of service," where actual service was not contested. *Ives v. Guilford Mills, Inc.*, 3 F. Supp. 2d 191, 195 (N.D.N.Y. 1998). The court in *Ives* stated that "[t]he principal importance of the certificate of service is to provide the Court with clear proof that service has been accomplished." *Id.* However, the absence of a certificate does not require the invalidation of the paper

---

[1]  Federal Rule of Civil Procedure 5(b) explains that service "on a party represented by an attorney is made on the attorney unless the court orders service on the party."

where service is not contested or where the court finds that service was accomplished. *See* 1 James Wm. Moore et al., *Moore's Federal Practice* § 5.20[1] at 5-34 (3d ed.) ("The absence of a certificate of service does not necessarily invalidate or render ineffective a paper that is served when the fact of service is not contested."); *cf. Bullock v. N. Ins. Co. of New York*, 331 F.2d 431, 432 (10th Cir. 1964) (finding, in a case decided before the amendment to Rule 5(d), that the record supported the district court's finding that service had been made despite the lack of certificate of service). Certainly, if a paper filed with the court does not contain the required certificate of service, a court may disregard it. *See, e.g., Boreland v. Butterfly*, No. 92-0458, 1992 WL 20205, at *2 (E.D. Pa. Jan. 30, 1992) (instructing pro se plaintiffs that "[i]f any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it *may* be disregarded by the Court" (emphasis added)); *Kirsch v. Smith*, 853 F. Supp. 301, 304 (E.D. Wis. 1994) (same). Yet, a court is not obligated to disregard the paper if it finds by other evidence that the paper was in fact served on the parties.[2]

The district court found that Ms. Houren served the Suggestion of Death on Mr. Nunnery as evidenced by Ms. Houren's October 31, 2001, signed letter to the court that she had mailed copies to both Mr. Nunnery and Mr. Angermeier. Rule 25(a) specifically requires service on parties in accordance with Rule 5, which allows for service by mail and states that "[s]ervice by mail is complete on mailing." Fed. R. Civ. P. at 5(b)(2)(B); *see also Russell v. Delco*

---

[2] In the related context of serving the initial complaint, Rule 4 states that "[f]ailure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended." Fed. R. Civ. P. 4(*l*).

*Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995) ("Service by mail, of course, is complete at the time of mailing."). According to *Moore's Federal Practice*:

> Service is deemed complete at the instant the documents are placed into the hands of the United States Post Office or a Post Office Box. The critical event in the service procedure under Rule 5 is the mailing, not receipt, of the papers sought to be served. Nonreceipt or nonacceptance of the envelope containing the papers is insignificant and has no effect on the validity of service.
>
> If nonreceipt can be proved, however, it is within the court's discretion to extend any applicable response period pertaining to the served paper.

*Moore's Federal Practice* § 5.04[2][a][ii] at 5-29 to 5-30; *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1148 at 449-51 (3d ed. 2002) (stating that "[s]ince [Rule 5] expressly directs that the service is complete upon mailing, nonreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of the service of the papers, although nonreceipt of the paper may justify the court [in making a] finding of excusable neglect on the part of the intended recipient and permit her to take any required action or make any appropriate response out of time").

The court's finding that Ms. Houren served the Suggestion of Death was based on Ms. Houren's signed statement in her letter of October 31, 2001, that she mailed a copy to each attorney at the time she filed the Suggestion of Death with the court in June. Moreover, her initial cover letter to the court accompanying her June filing of the Suggestion of Death stated that she also was mailing it to the parties, a further indication that her October 31, 2001, claim of mailing was not an afterthought. The district court's finding that

service was made was not clearly erroneous and is supported by the cover letter and the October 31, 2001, letter to the court.[3] Thus, the Suggestion of Death was sufficient and the 90-day requirement was triggered by the June 18, 2001, filing of the Suggestion of Death.

## B.

The district court also did not abuse its discretion by refusing to extend the time within which Mr. Nunnery could have filed the substitution of parties. Rule 6(b) "allows the Court in its discretion to permit a motion for substitution after the expiration of the 90 day time period." *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984). Rule 6(b) states that the court "for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit [an] act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b).

In *Tatterson*, 104 F.R.D. 19, the 90-day limit was extended when counsel for the deceased was unable to move for substitution because of the delays in the appointment of an executor. However, no such problem was encountered in

---

[3] Moreover, on September 5, 2001, prior to the filing of the defendants' motion to dismiss for failure to substitute parties, Mr. Nunnery responded to the defendants' motion for partial summary judgment and "[a]dmitted," without reservation, the defendants' statement of fact that "[a] Suggestion of Death on the Record was filed on June 18, 2001 pursuant to Fed. R. Civ. P. 25(a)(1)." R.20 at 2; R.23 at 2. Mr. Nunnery did not object to the Suggestion of Death or claim that it was otherwise deficient or state that he had not been served with the Suggestion of Death until after the defendants moved to dismiss the action.

this case. Ms. Russell was appointed administrator of the estate in March 2001, before either the Suggestion of Death was filed or the passage of the April 1, 2001, deadline for filing the substitution.

In *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293 (7th Cir. 1993), we upheld a district court's extension of the Rule 25(a) 90-day limit when "the failure to file in time was the result of excusable neglect." *Id.* at 1297. Yet, here, Mr. Nunnery has not made any showing or argument of excusable neglect. He knew that he needed to file the substitution and had stipulated to a scheduling order requiring him to file such by April 1, 2001. When he still did not file the substitution within three months after June 18, 2001, he offered no excuse, stating that he "was unintentionally derelict in filing appropriate substitution of parties." R.33 at 2. Accordingly, the district court did not abuse its discretion under Rule 6 by enforcing the deadline. *Id.*[4]

---

[4] Finally, Mr. Nunnery argues that the district court erred in dismissing the entire action, rather than in dismissing solely the federal due process claim because Rule 25(a) only requires that "the action [ ] be dismissed as to the deceased party." Fed. R. Civ. P. 25(a)(1). This argument is frivolous. If the sole plaintiff is dismissed from the action, the entire case should be dismissed. Moreover, dismissing the entire action in that circumstance does not violate the rule because the action is only being dismissed "as to the deceased party." *Id.*

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*