NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013[*]
Decided April 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1043

| | |
|---|---|
| RAUL HURTADO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 3974 |
| 7-ELEVEN, INC., | |
| *Defendant-Appellee*. | Gary S. Feinerman, |
| | *Judge*. |

**ORDER**

Raul Hurtado, who formerly worked at a 7-Eleven store in Des Plaines, Illinois, alleges that he was discriminated against because of his age and national origin when his pay, hours, and vacation benefits were reduced and he was fired. After receiving his right-to-sue letter early last year, he filed suit and named "Seven Eleven" as the sole defendant.

---

[*] The district court ruled that the appellee was not served with process and the appellee is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

The district court appointed a federal marshal to serve the defendant at the address that Hurtado supplied, but the marshal reported that the defendant is not located there. When Hurtado mailed the complaint and summons to the same address, Bassyto, Inc., an independent franchisee that owns the store, appeared in court.

Hurtado moved to dismiss Bassyto and requested a default judgment against 7-Eleven for failing to defend the suit. 7-Eleven then specially appeared to assert that Bassyto was not its registered agent, it had not been properly served, and because the time for service had expired, *see* FED. R. CIV. P. 4(m), the suit should be dismissed, *see id.* 12(b)(5). The district court dismissed Bassyto without prejudice, found that 7-Eleven had not been served, and extended the deadline for Hurtado to serve process. It warned him that if he failed to serve 7-Eleven or move for another extension before the new deadline, his suit would be dismissed without prejudice. Insisting that he already had served 7-Eleven, Hurtado did not comply, and the court dismissed the suit without prejudice.

Still maintaining that he did serve 7-Eleven or, if not, he should have received more time, Hurtado appeals the dismissal. Although dismissals without prejudice are normally not appealable, they are appealable when the expiration of the statute of limitations would bar any refiling (as here, since more than 90 days have passed since Hurtado received his right-to-sue letter, *see* 42 U.S.C. § 2000e-5(f)(1)). *Palka v. City of Chicago*, 662 F.3d 428, 433 (7th Cir. 2011); *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). We review for clear error the finding that 7-Eleven was not served. *Russell v. City of Milwaukee*, 338 F.3d 662, 667 (7th Cir. 2003). Also, because the district court in its discretion could have further extended the deadline for service, we consider whether the court abused its discretion by instead dismissing the suit. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

Hurtado's first argument is that he adequately served 7-Eleven, Inc. But the affidavits from both the marshal and 7-Eleven adequately support the district court's finding that Hurtado never served the corporation. His next argument is that because 7-Eleven failed to register an agent with the Illinois Secretary of State, the court should have excused lack of service. To support his contention, he appends to his brief printouts of searches he ran in the corporate database on the Secretary's website, http://www.ilsos.gov/corporatellc, that returned three dissolved corporations (Seven-Eleven-Twenty One, Inc.; Seven Eleven Development Corporation; and Seven Eleven Inc.) and no results when he searched for "seven eleven corporation." But if Hurtado had searched for "7 eleven," he would have learned that 7-Eleven's registered Illinois agent is Corporate Creations Network, Inc., at 1443 West Belmont Ave., Chicago. Hurtado's pro se status did not excuse him from exercising this diligence and timely complying with service-of-process rules. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). Given

Hurtado's failure to take advantage of the extension the district court granted him or heed the court's warning that dismissal loomed, the court did not abuse its discretion by dismissing his suit. *See Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993); *Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004).

AFFIRMED.