ALD-222                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3933
_____

JOHN FERGUSON

v.

WARDEN SCHUYLKILL FCI; RUSSELL C. HENDERSHOT, HEALTH
SERVICE ADMINISTRATOR; KIMBERLY ASK-CARLSON, DEPUTY
WARDEN; EILEEN FALZINI, HEALTH SERVICE ADMINISTRATOR;
PATRICK BURNS, EMERGENCY MEDICAL TECHNICIAN; KEVIN
CHRISTELEIT, CASE MANAGER; JOSEPH RUSH, PHYSICIAN'S
ASSISTANT; BRIGIDA ZABALA, PHYSICIAN'S ASSISTANT; FEDERAL
BUREAU OF PRISONS, AND VARIOUS UNKNOWN AGENTS AND
EMPLOYEES OF THE FEDERAL BUREAU OF PRISONS WHOSE NAMES
AND ADDRESSES ARE UNKNOWN AND UNDISCOVERABLE AT THIS TIME

*Christopher Ferguson,
                                          Appellant

*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-10-cv-02638)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016

Before:  AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2016)

_____

OPINION[*]

_____

PER CURIAM

Christopher Ferguson appeals from the District Court's denial of his motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. We will affirm.

I.

Christopher Ferguson's father, John Ferguson, was a federal prisoner who has passed away. John Ferguson previously filed suit against numerous prison officials and health care providers asserting claims based on his cataracts and anxiety disorder. The District Court entered summary judgment against him on July 30, 2013. His deadline to appeal that ruling expired on September 30, 2013. He succumbed to pancreatic cancer four days later. All references to "Ferguson" hereafter are to John Ferguson's son, Christopher.

In January of 2014, Pamela Kay Varnam filed a suggestion of death and a motion to substitute Ferguson for his father as the plaintiff pursuant to Rule 25.1(a) of the Federal Rules of Civil Procedure. Varnam stated that Ferguson had given her power of attorney, and she purported to proceed on his behalf as his attorney-in-fact. In her declaration, she acknowledged that "I am not an attorney at law." (ECF No. 77 at 4 ¶ 25.) The District Court called for briefing on Varnam's motion and, after receiving it, ordered the motion stricken. The District Court did so because it concluded that

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Varnam, despite the power of attorney, cannot represent Ferguson pro se in federal court.

Nine months later, Ferguson filed pro se the Rule 60(b) motion at issue here and an accompanying declaration and brief. In his motion, he requested that the District Court set aside its order striking Varnam's motion and decide it on the merits. In his declaration and brief, he expressly adopted all of Varnam's filings as his own. (ECF Nos. 103 at 2 ¶ 12; 104 at 5, 7.) The District Court denied Ferguson's Rule 60(b) motion on the ground that he merely sought reconsideration of its prior order striking Varnam's motion and that its prior ruling was correct. Ferguson appeals.[1]

## II.

The District Court correctly concluded that Varnam, a non-attorney, cannot represent Ferguson pro se in federal court. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). That is so even though Varnam purported to proceed under a power of attorney. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 511, 514 (2d Cir. 2001); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). Thus, to the extent that Ferguson merely requested that the District Court reconsider its order striking Varnam's motion, we agree that there was no basis to do so.

Ferguson, however, also expressly adopted all of Varnam's filings as his own and

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a Rule 60(b) motion for abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). To the extent that Ferguson's Rule 60(b) motion may be construed as a motion for substitution under Rule 25.1(a), we review the denial of such motions for abuse of discretion as well. See Giles v. Campbell, 698 F.3d 153, 155 (3d Cir. 2012).

3

asked that his request for substitution be decided on the merits.  To that extent, the District Court arguably should have treated Ferguson's Rule 60(b) motion along with Varnam's motion as itself a motion for substitution under Rule 25.1(a).  Cf. Anderson v. Republic Motor Inns, Inc., 444 F.2d 87, 88-89 (3d Cir. 1971) (permitting a counseled statement in a pretrial memorandum to serve as a Rule 25.1(a) motion).

Nevertheless, we need not remand for further consideration of Ferguson's motion because there is no basis to grant it.  Ferguson does not allege that his father's claims belong solely to him.  To the contrary, according to Varnam's brief in support of her motion, John Ferguson also has a biological daughter.  Varnam asserts that "both [of] John Ferguson's biological children . . . are successors and rightful heirs to John Ferguson's estate" and "are both the primary beneficiaries of his unprobated intestate estate."  (ECF No. 79 at 3, 7.)  Ferguson does not allege that he has any interest in his father's claims apart from his interest in his father's estate, which he shares with his sister, and we cannot conceive of any such interest.  Just as Varnam is prohibited from representing Ferguson pro se, so too is Ferguson prohibited from representing his father's estate and the interests of his sister pro se.  That would be so even if Ferguson were named the executor of his father's estate, which he does not allege.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases).  Thus, Ferguson may not seek to substitute a party for his father as the plaintiff by filing a motion for substitution pro se.[2]

---

[2] Varnam's/Ferguson's motion for substitution appears problematic in other respects as well.  For example, Varnam states that Ferguson himself is a convicted felon incarcerated

4

## III.

For these reasons, we will affirm the judgment of the District Court.

---

in North Carolina and that North Carolina law prohibits him from serving as his father's representative.  (ECF No. 78 at 3 ¶ 19.)  In light of our disposition, however, we need not address that issue or any other.