**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 23, 2020[*]
Decided July 31, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1375

| | |
|---|---|
| KENNETH B. LONG,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:18-CV-1929-JPS |
| MEGAN J. BRENNAN, Postmaster<br>General, and UNITED STATES POSTAL<br>SERVICE,<br>    *Defendants-Appellees*. | **J.P. Stadtmueller**,<br>*Judge*. |

**O R D E R**

Kenneth Long, a former employee of the United States Postal Service, appeals the dismissal of his wrongful-discharge complaint against the agency. The district court dismissed the complaint after concluding that Long failed to oppose the agency's

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

motion to dismiss. On appeal Long makes no meaningful challenge to that ruling, so we affirm the judgment.

As set forth in his complaint, the facts of which we accept as true, *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 618 (7th Cir. 2020), Long worked as a tractor-trailer operator for USPS in Milwaukee until he was fired in mid-2016. He disputes the two reasons provided for his discharge—that he drove with a suspended license and with an expired medical examiner's certificate from the state's department of transportation. He maintains that—as a longtime holder of a commercial driver's license—he had been "grandfathered" and thus his license was never suspended. As for the medical certificate, he says he was not required to file it with the state. USPS, he says, nonetheless refused to correct its errors and honor its contract with his union.

Nearly two months after being served with a copy of Long's complaint, USPS filed—on August 13, 2019—a notice of appearance and a motion to dismiss, supplemented with a supporting memorandum. USPS argued that Long failed to state a claim because (1) he did not follow the proper procedures to seek judicial review of a federal employment decision, and (2) his exclusive remedy with respect to his union-contract rights was a lawsuit against his union. *See* FED. R. CIV. P. 12(b)(6).

Long responded by informing the district court that the notice of appearance was untimely because it had not been filed "within 60 calendar days after service of summons."[1]

Three months later he moved for summary judgment, reasserting the facts in his complaint. He again stated that USPS had failed to respond to the complaint within sixty days; he also said for the first time that he had received only a notice of appearance from USPS. USPS countered that Long's summary-judgment motion was procedurally defective and substantively insufficient, and that he did not offer any evidence to show that the agency had failed to timely respond to his complaint (indeed, its certificates of service were proof that it timely mailed the notice of appearance and motion to dismiss to Long on August 13, 2019). Long asserted in reply, among other things, that he could not file a response to USPS's motion to dismiss because, he said, he did not receive it until mid-January. He provided no details, however, about what delayed his receipt of the motion.

---

[1] Long's response did not mention the motion to dismiss, which he subsequently maintained he did not receive until months later.

The district court then granted USPS's motion to dismiss. Long, the court found, did not properly oppose that motion. While he did submit a letter that questioned the timeliness of USPS's response, that letter did not take the form of a motion (i.e., a motion to strike), and it did not request any relief. More importantly, the court added, his submission was misguided because USPS had timely filed its motion to dismiss, within sixty days of service of the complaint. Further, even if USPS's motion had been late by a day or two, this brief delay would not have prejudiced Long "in any way" because his "issues with service lasted for a full six months." The court treated USPS's motion as unopposed, which, under the local rules, was a sufficient basis on which to dismiss the complaint. *See* E.D. WIS. CIV. L. R. 7(d). The court then denied Long's motion for summary judgment as immaterial.

On appeal Long maintains that his case should not have been dismissed because USPS's motion was untimely, filed more than sixty days after service of his complaint. FED. R. CIV. P. 12(a)(3). But he disregards the timing rules for filing set forth in the Federal Rules of Civil Procedure. Rule 6(a)(1)(A) instructs district courts to "exclude the day of the event that triggers the period"—in this case, June 14, 2019, the date that the Postal Service received the complaint. Because sixty days from June 15 is August 13, the motion to dismiss that USPS filed on that date was in fact timely. Also on August 13, USPS timely completed *service* of the motion by mailing a copy "to [Long's] last known address." FED. R. CIV. P. 5(b)(2)(C) (providing that "service is complete upon mailing"). Its filing of a certificate of service provided sufficient proof to conclude that service was in fact accomplished. *See Russell v. City of Milwaukee*, 338 F.3d 662, 666 (7th Cir. 2003).

Long also challenges the dismissal of his complaint on grounds that he never received USPS's motion to dismiss and "could not file an opposition response." (Long's Br. at 1.) Even if Long did not receive a copy of the motion to dismiss until mid-January 2020 (as he asserted in his summary-judgment papers), his later filings in the district court did not address USPS's argument that his complaint failed to state a claim. By failing "to respond to the substance of the defendant's motion to dismiss," Long forfeited any challenge to the court's ruling. *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018). Moreover, notwithstanding the procedural issues and the question of prejudice, "there is no reason to remand" because on appeal Long still fails to explain how his allegations state a viable claim. *Bodenstab v. Cty. of Cook*, 569 F.3d 651, 661 (7th Cir. 2009).

We have considered Long's other arguments, and none has merit.

AFFIRMED.